IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02082-LTB-MEH

JOHN SEDGELEY,

    Plaintiff,

v.

OLYMPUS SURGICAL & INDUSTRIAL AMERICA, INC.,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

---

The parties, by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. "CONFIDENTIAL" information covered under the terms of this protective order shall include (a) documents, materials and/or information produced by Olympus Surgical & Industrial America, Inc. ("Defendant"), or any of Defendant's agents or representatives, when designated as "CONFIDENTIAL" as provided herein, concerning current or former employees of

Defendant (including Plaintiff), including personnel or personnel-related documents or internal memoranda and documents, materials and/or information concerning business or financial documents, information, research, development or commercial information, which Defendant contends is proprietary, confidential or trade secret; and (b) documents, materials and/or information produced by Plaintiff or obtained through releases produced by Plaintiff, concerning individual medical, personal identification, financial and/or tax records, when designated as "CONFIDENTIAL."

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys *actively wo*rking on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the entity defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any deponent or witness, counsel producing the deponent or witness shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provision.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) or otherwise designating as CONFIDENTIAL in clear and inconspicuous manner the following or other appropriate notice: "CONFIDENTIAL."

8. All depositions shall be treated as CONFIDENTIAL until expiration of thirty (30) days after the deposition. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this

Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall thereafter remain in full effect and shall be enforceable by this Court.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 6th day of February, 2009, in Denver, Colorado.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 4th day of February 2009.

| *s/ Sara J. Rich* | *s/ Bronwyn H. Pepple* |
|---|---|
| _____ | _____ |
| Darold Killmer | Liza S. McKelvey |
| Mari Newman | Bronwyn H. Pepple |
| Sara J. Rich | JACKSON LEWIS LLP |
| KILLMER, LANE & NEWMAN, LLP | 1050 Seventeenth Street, Suite 2450 |
| 1543 Champa Street, Suite 400 | Denver, CO 80265 |
| Denver, CO 80202 | **mckelveyl@jacksonlewis.com** |
| **dkillmer@kln-law.com** | **peppleb@jacksonlewis.com** |
| **mnewman@kln-law.com** | |
| **srich@kln-law.com** | ATTORNEYS FOR DEFENDANT |

ATTORNEYS FOR PLAINTIFF